**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DORA MCNEIL                                                                                              PLAINTIFF

v.                                            No. 4:03CV00650 JLH

JOSE E. ABISEID, M.D., P.A.                                                                DEFENDANT

<u>**OPINION AND ORDER**</u>

Dora McNeil has filed a motion asking the Court to adopt the findings of the court appointed expert, Paul Stephen Osborn. Jose E. Abiseid, M.D., P.A., has objected. For the reasons stated hereinafter, McNeil's motion is granted.

In an Opinion and Order entered October 30, 2008, the Court concluded that Abiseid inadequately explained his calculation of McNeil's accrued benefits and that he continued to use the wrong age in his computations, so there was a serious procedure irregularity. The Court held that the record must contain substantial evidence nearing a preponderance to uphold Abiseid's decision as to the amount of benefits due and owing to McNeil. The Court also found that Abiseid's explanation and calculations conflicted with the procedural requirements of ERISA. McNeil argued at that time that the Court should accept the calculations performed by an actuary, James Turpin, and enter judgment on that amount. The Court declined to do so, partly because McNeil had offered two calculations, one at an earlier stage of the case by her lawyer, and one at the later stage by Turpin, and there was a substantial difference between the two of them. The lawyer calculated the benefits to be $58,887, whereas Turpin calculated the benefits to be $126,069. The Court also noted that it was unlikely that the pension plan for a small business such as this would yield a retirement benefit of $126,069 after six years of employment. Therefore, the Court concluded that the claim must be remanded to the administrator.

In view of the age of the case, however, the Court stated that it would be willing to appoint a special master to determine the benefit due if the parties filed a joint motion asking the Court to do so.  Such a motion was filed.  Later, with the concurrence of the parties, the Court appointed an expert pursuant to Rule 706 of the Federal Rules of Evidence, rather than a special master.  That expert was Paul Stephen Osborn, an actuary.  Osborn prepared a report which included a detailed explanation of the calculations pursuant to the formula in the plan.  He concluded that the amount of lump sum owed to Dora McNeil would be $137,200.08 if paid in June 2009, $137,759.05 if paid in July 2009, and $138,320.30 if paid in August 2009.  He also explained why the benefit is substantially more than one would expect.  First, in contrast to a typical retirement plan, this plan was written so that benefits accrue early.  Secondly, this plan used an actuarial equivalent factor (*i.e.*, the G.E. Life Annuity Table with a five-year setback, at a 2.5% interest rate), whereas most plans use the IRC 417 for calculating lump sums.  The plan's factors produce lump sums approximately 50% higher than the IRC 417 rates would produce.

Although Abiseid objects to McNeil's motion asking that the Court adopt Osborn's opinion, he does not point to any error in Osborn's calculations.  He does not identify any mistake that Osborn made, nor does he point out any way in which Osborn failed to follow the plan.  Instead, he has asked the Court to adopt the calculation purportedly performed by an agent with the Internal Revenue Service showing that McNeil was owed $56,182.79 at the time she left Abiseid's employment and now is owed $75,290.31.  The report for that calculation appears on one line without any explanation of how the calculation was performed or whether it complied with the provisions of the plan at issue.  Abiseid has asked the Court to wait for some indeterminate period of time while the IRS agent seeks permission to execute an affidavit, but in view of the fact that this

2

case is six years old, and in view of the fact that Abiseid has had the report from Osborn since April of 2009, the Court declines to wait any further.

In the absence of any criticism of Osborn's report, Abiseid argues that the plan is underfunded, so the assets should be allocated among the participants (Abiseid and McNeil) on a pro rata basis pursuant to 29 U.S.C. § 1344(b)(2). That statute, however, applies in the case of termination of the plan. 29 U.S.C. § 1344(a). Here, the plan has not terminated.

As McNeil points out, several calculations have been performed during the course of this case, but only two by actuaries. Both of the calculations performed by actuaries include detailed reports stating the information used and the steps followed in performing the calculations. The two reports from the actuaries arrive at substantially the same conclusion as to the amount of money owed. Notably, at Abiseid's request, Osborn was not given a copy of Turpin's report, but he came to conclusions substantially similar to Turpin's. While Turpin was hired by McNeil, Osborn was not. He was appointed by the Court by agreement of both parties. He performed his calculations independently. The independent congruence of the calculations by Osborn and Turpin, Osborn's explanation for the fact that the calculations have produced an unusually large amount for a relatively brief period of employment, the absence of any other calculations by a qualified actuary using all of the steps in the plan formula, and the absence of any criticism of Osborn's calculations, all have persuaded the Court to find that Osborn's calculations are correct.

For the reasons stated above, McNeil's motion asking the Court to adopt the report of the court appointed expert, Paul Stephen Osborn, is GRANTED. Document #56. The Court hereby finds that the report of Paul Stephen Osborn, dated April 27, 2009, accurately calculates the benefits owed to Dora McNeil by Jose E. Abiseid, M.D., P.A. A judgment will be entered separately.

3

IT IS SO ORDERED this 14th day of July, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE